# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DENZIL T. MOORE,** | ) CASE NO. 4:04CV129 |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE PETER C. ECONOMUS |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) MEMORANDUM OPINION AND |
| Respondent. | ) ORDER |

Pending before the Court are Petitioner Denzil T. Moore's *pro se* motion for reconsideration (Dkt. #14) and motion pursuant to Fed. R. Civ. P. 60(b) (Dkt. #17). For the reasons discussed below, the Court **DENIES** Petitioner's motions.

Petitioner, pursuant to a written plea agreement, pleaded guilty to one count of distributing cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). On September 3, 2002, this Court sentenced Petitioner to a term of imprisonment of 262 months. On October 24, 2002, Petitioner filed a notice of appeal. On February 4, 2003, the United States Court of Appeals for the Sixth Circuit dismissed the appeal as untimely.

On January 27, 2004, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Dkt. #1). Respondent, United States of America, filed a brief in opposition on February 13, 2004, asserting, *inter alia*, that Petitioner's motion was barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. (Dkt. #6). Petitioner filed a reply brief on March

5, 2004. (Dkt. #8).

On April 27, 2004, this Court issued a Memorandum, Opinion, and Order denying Petitioner's § 2255 motion as untimely and determining that no hearing on the merits was warranted. (Dkt. 10). On that same date, this Court issued a final Judgment dismissing this action. (Dkt. #11). Petitioner appealed to the Sixth Circuit on May 10, 2004. (Dkt. #12). The Sixth Circuit ultimately found that this Court correctly concluded Petitioner's motion was time-barred and denied Petitioner's application for a certificate of appealability on December 1, 2004. (Dkt. #18).

While Petitioner's Notice of Appeal and application for a certificate of appealability was pending, Petitioner filed a "Motion for Reconsideration or to Alter or Amend Judgment of Plaintiff's 2255 Petition." (Dkt. #14). Petitioner also filed a "Motion Pursuant to the Federal Rules of Civil Procedures [sic] Rule 60(b)(3)(6), rule [sic] 12(b)(2) and 28 U.S.C. § 1651." (Dkt. #17). On January 27, 2005, Petitioner filed a "Motion to Supplement in Support of Petitioner [sic] Federal Rules of Civil Procedures [sic] Rule 60(b)(3)(6), rule [sic] 12(b)(2) and 28 U.S.C. § 1651," (Dkt. #19), which this Court granted on January 31, 2005. On May 13, 2005, Petitioner filed a "Supplemental Brief in Support of Motion for reconsideration." (Dkt. #20). Respondent filed an opposition to Petitioner's motion for reconsideration on January 31, 2006. (Dkt. #22).

**ANALYSIS**

Petitioner argues that this Court should "reconsider the judgment and view movant's 2255 Petition on the merits." (Dkt. 14). However, before this Court will review the merits

of Petitioner's motion, the Petitioner must clear several procedural hurdles. One such requirement is filing within the proper statutory period. See Daniels v. United States, 532 U.S. 374, 381 (2001); see also United States v. Olano, 507 U.S. 725, 731 (1993). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended title 28 U.S.C. § 2255 to include a one-year statute of limitation. 28 U.S.C. § 2255; see, e.g., Hyatt v. United States, 207 F.3d 831, 832 (6th Cir.2000)("28 U.S.C. § 2255 precludes a prisoner from filing a § 2255 motion more than one year after the conviction becomes final.").

Petitioner offers one statutory basis in arguing that his § 2255 motion was timely filed. Petitioner contends that his pending state habeas petition, filed on May 28, 2003, tolled the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(2).[1] (Dkt. #20). Section 2244(d)(2) tolls the statutory period for filing a writ of habeas corpus by a person in custody pursuant to a state court judgment while a petition for post-conviction review is pending. However, "there is no provision in § 2255 that provides for tolling of the period of limitation for filing a writ of habeas corpus by a person in custody pursuant to a federal court judgment while another collateral challenge is pending." United States v. Chambers, 126 F.Supp.2d 1052, 1054 (E.D. Mich. 2002), *aff'd*, 30 Fed. Appx. 346 (6th Cir.2002)(rejecting argument that tolling is appropriate in § 2255 claims as parallel to the tolling provided in § 2244).

---

[1] 28 U.S.C. 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner is in custody pursuant to a federal court judgment. The collateral review of his state court conviction does not toll the one-year filing period for his motion to vacate, set aside, or correct sentence pursuant to § 2255.

Furthermore, the Petitioner's prior state conviction was affirmed. This does not constitute a "new fact" which would restart the one-year limitations period for his § 2255 motion. 28 U.S.C. § 2255, ¶ 6; see also Johnson v. United States, 544 U.S. 295 (2005) (vacatur of petitioner's prior state conviction provided a necessary element to § 2255 motion, and thus was a "new fact" which triggered a new one-year period).

The Sixth Circuit has noted, however, that "because there is a rebuttable presumption that equitable tolling applies to statutes of limitation and there is no indication that Congress did not intend for equitable tolling to apply to the limitations period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling." Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001). The five factors to consider when determining the appropriateness of equitably tolling a statute of limitations are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. See Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988); see also Dunlap, 250 F.3d at 1009-10.

Petitioner sets forth three arguments as to why equitable tolling applies in the instant matter: (1) his trial counsel acted ineffectively by refusing to file a Notice of Appeal; (2) it

was Petitioner's belief that the Sixth Circuit's dismissal of his Notice of Appeal constituted the final judgment which began the limitations period; and (3) on May 29, 2003, Petitioner was transferred to F.C.I. Gilmer, where "due to the law library's inadequacy" he was unable "to research his issues in a timely manner." (Dkt. #14).

Petitioner renews his argument that his conviction was not final until the "Sixth Circuit docketed and dismissed movant's Notice of Appeal." (Dkt. #14). Petitioner contends that this began the one-year period for filing his § 2255 petition. As in his initial motion, Petitioner provides no authority to support this claim. The only case directly on this point specifically rejects Petitioner's theory. See United States v. Jackson, 205 F.Supp.2d 876, 879-81 (W.D. Tenn. 2002)(holding that petitioner's filing of a "notice of motion to appeal" did not toll the statute of limitations).

Petitioner further argues that the statute should be tolled because of F.C.I. Gilmer's inadequate law library. However, a review of the record indicates that "[t]he inmate law library has been fully operation and functional since initial activation in May 2003." (Dkt. #14, "Inmate Request to Staff Member Response"). For a brief period of twelve days the inmate computer LAN was not available; "however, access to legal materials was provided partially in book format as well as through individual requests to staff." Id. Equitable tolling in such circumstances is not appropriate.

Therefore, Petitioner's conviction became final on September 13, 2002, the last date Petitioner could have filed a timely appeal. Pursuant to the AEDPA, the statute of limitations clock for Petitioner's habeas claim began to run at that time. As Petitioner did not file his

habeas petition until January 27, 2004, his petition was untimely and properly dismissed.

Finally, Petitioner's request for relief pursuant to Fed. Rule of Civ. P. 60(b)(3) and 60(b)(6)[2] also must fail.[3] Petitioner argues that "[d]efense, [sic] counsel and the government knew or should have known that they materially and falsely misrepresented to the petitioner and committed fraud upon the court by allowing the petitioner to plea to "crack" cocaine and allowing the court to accept the petitioner's plea." (Dkt. #17).[4] However, nothing alleged by Petitioner in his 60(b) motion would bring his § 2255 petition within the statute of limitations. See Reid v. City of Flint, 103 Fed. Appx. 607, 609 (6th Cir.2004). As such, Petitioner's claims are without merit. Petitioner is not entitled to relief under Rule 60(b)(3) or 60(b)(6).

**CONCLUSION**

In accordance with the foregoing, Petitioner's "Motion for Reconsideration or to Alter or Amend Judgment" (Dkt. #14) and "Motion Pursuant to the Federal Rules of Civil

---

[2] "Rule 60(b) remains viable in the habeas context only to the extent it is 'not inconsistent with' [the] AEDPA and other applicable federal statutory provisions and rules." Post v. Bradshaw 422 F.3d 419, 422 (6th Cir.2005)(citing Gonzalez v. Crosby, 125 S.Ct. 2641 (2005)).

[3] Rule 60(b) provides, in relevant part: On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons:(3) fraud . . . or other misconduct of an adverse party . . . or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b) (2005).

[4] A review of the Cleveland Police Department's Forensic Laboratory Report indicates that the substance possessed by Petitioner was tested and proven to be cocaine base, also known as "crack." (Dkt. #17).

Procedures [sic] Rule 60(b)(3)(6), rule [sic] 12(b)(2) and 28 U.S.C. § 1651"(Dkt. 17) are **DENIED**. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus - February 13, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**